UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ROBERT KEARY, et al.,

       Plaintiffs,                            Civil Case No.
                                                    12-CV-15359

vs.

                                                      HON. MARK A. GOLDSMITH

U.S. BANK NATIONAL
ASSOCIATION ND, et al.,

       Defendants.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

This case ("Keary II") was filed on December 6, 2012 and originally assigned to United States District Judge John Corbett O'Meara. The case was subsequently reassigned pursuant to E.D. Mich. LR 83.1(b)(7) from Judge O'Meara to the undersigned as a companion to a previously dismissed case over which the undersigned presided – Keary, et at. v. U.S. Bank National Association, ND, 11-CV-15133 (E.D. Mich.) ("Keary I").

Keary I was removed and assigned by random draw to the undersigned on November 21, 2011. The plaintiffs in that case were James Robert Keary and Pennie Keary. The sole defendant was U.S. Bank National Association ND ("U.S. Bank"). The complaint contained three counts – breach of contract, fraud, and statutory violations – all relating a mortgage dispute regarding the Keary's residential property located at 58402 Meadow Place, Washington, Michigan. On January 6, 2012, U.S. Bank moved for summary judgment on all three claims, to which the Kearys – who were then represented by counsel – never responded. On February 29, 2012, the Court issued an order requiring the Kearys to show cause in writing why the case should not be dismissed for failure to

prosecute under Federal Rule of Civil Procedure 41(b). The Court warned the Kearys in that order that any failure to respond would result in the dismissal of their case with prejudice:

> Should Plaintiff fail to respond to this order, the Court will construe Plaintiff's silence as reflective of a clear intent to abandon the claims that are the subject of the pending motion. Accordingly, in the event Plaintiff does not respond to this order, the Court will dismiss the claims that are the subject of the pending motion pursuant to Rule 41(b) with prejudice.

See Keary I, Dkt. 13. The Kearys did not respond to the show cause order, so the Court dismissed the case with prejudice pursuant to Rule 41(b). See id. at Dkt. 16. The Kearys did not appeal, or otherwise protest, the dismissal.

The present case – Keary II – was filed on December 6, 2012. Keary II involves the same parties as Keary I, plus one additional plaintiff – Douglas Dwight Bennett – and one additional defendant – First Mountain Properties, LLC ("First Mountain"). The complaint in Keary II, which seeks no less than $5 million in damages, is a muddled, sprawling mess consisting of 50 pages of irrelevant rambling and another 175 pages of "exhibits." Although largely incomprehensible, it is apparent that the present claims arise out of the same mortgage dispute as at issue in Keary I. Moreover, Plaintiffs state that the new Plaintiff, Douglas Dwight Bennett, has been assigned 50% of the Keary's claims, and that U.S. Bank has transferred its interest in the subject property to the new Defendant, First Mountain. According to documentation attached to the complaint, Plaintiffs were notified of the purported transfer via letter dated October 10, 2012. See Dkt. 1-2 at Page ID 216 ("First Mountain Properties LLC now holds the right to enter into title to the Property at the expiration of any redemption period that state law may allow you.").

A dismissal with prejudice for failure to prosecute under Rule 41(b) operates as an adjudication on the merits for res judicata purposes, and any subsequently-filed complaint against the same defendant is barred so long as the claims in the second complaint are based on same operative facts as those in first complaint. See Schmidt v. Campanella Sand & Gravel Co., Inc., 49 F. App'x

647, 651 (7th Cir. 2002). Here, Keary I and Keary II arise out of the same mortgage dispute, and U.S. Bank was a defendant (in fact, the sole Defendant) in Keary I. Accordingly, the present claims against U.S. Bank are barred, and U.S. Bank is summarily dismissed as a defendant in this matter.[1]

This leaves First Mountain as the sole remaining Defendant. Documentation attached to the complaint reflects that First Mountain first became involved on October 10, 2012 and, accordingly, any claim(s) Plaintiffs may have against that entity arose on or after that date. Keary I was dismissed on March 22, 2012 – before Plaintiffs' claims arose against First Mountain. Therefore, res judicata does not operate to bar the present claims against First Mountain because those claims did not exist at any point during the pendency of Keary I. See McCoy v. Mich., 369 F. App'x 646, 649 (6th Cir. 2010) (for res judicata to apply to bar a subsequent action, it must be the case that, among other things, "the matter in the second case was, or could have been, resolved in the first").

However, Plaintiffs' purported claims against First Mountain are nonetheless subject to summary dismissal because, even construing the complaint liberally, Plaintiffs do not state any plausible claim for relief against First Mountain. As stated above, the complaint in this matter, although written in English, is nothing more than a perplexing jumble of words and phrases that have no meaning when read collectively. By the Court's count, First Mountain is mentioned approximately eight times in the complaint (excluding the caption). None of those references include any description of what First Mountain is alleged to have done wrong. Construing the complaint liberally, the Court cannot discern the factual basis for any arguable claim against First Mountain. First Mountain is dismissed without prejudice as a party defendant. See Tyler v. Carter, 151 F.R.D. 537, 540 (S.D.N.Y. 1993), aff'd 41 F.3d 1500 (2nd Cir. 1994) ("A plaintiff asserting fantastic or

---

[1] The Court invokes the doctrine of res judicata sua sponte, in the interests of judicial economy, pursuant to Holloway Construction Company v. United States Department of Labor, 891 F.2d 1211, 1212 (6th Cir. 1989) ("[A] district court may invoke the doctrine of res judicata in the interests of, inter alia, the promotion of judicial economy.").

delusional claims should not, by payment of a filing fee, obtain a license to consume limited judicial resources and put defendants to effort and expense.").

For the reasons stated above, this case is summarily dismissed.

SO ORDERED.

Dated: December 18, 2012  　　　　　　　　　　s/Mark A. Goldsmith
　　　　Flint, Michigan  　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 18, 2012.

　　　　　　　　　　　　　　　　　　　　　　　s/Deborah J. Goltz
　　　　　　　　　　　　　　　　　　　　　　　DEBORAH J. GOLTZ
　　　　　　　　　　　　　　　　　　　　　　　Case Manager