UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES KEARY, PENNIE
KEARY, and DWIGHT
BENNETT

        Plaintiffs,      CIVIL ACTION NO. 12-CV-15359

vs.      DISTRICT JUDGE MARK A. GOLDSMITH

      MAGISTRATE JUDGE MONA K. MAJZOUB

U.S. BANK NATIONAL ASSOC.
ND, and FIRST MOUNTAIN
PROPERTIES, LLC

        Defendants.
_____/

### REPORT AND RECOMMENDATION

This case ("*Keary II*") is a companion case to *Keary, et al. v. U.S. Bank Nat'l Assoc., ND*, No. 11-15133 (E.D. Mich) ("*Keary I*"). (*See* docket no. 3 at 1.) Before the Court are Plaintiffs' Motion Pursuant to Rule 60 regarding the Court's Order of Dismissal in *Keary I* (docket no. 7), and Plaintiff's Amended Motion Pursuant to Rule 60 regarding the same issue (docket no. 19.) The Motions have been referred to the undersigned for consideration under 28 U.S.C. § 636(b)(1)(B). (Docket nos. 17 and 20.) The undersigned has reviewed the pleadings, dispenses with a hearing, and issues this report and recommendation.[1]

**I.    Recommendation**

For the reasons that follow, the undersigned recommends ordering Plaintiff to retain counsel

---

[1] The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

1

within 30 days and denying Plaintiffs' Motions (docket nos. 7 and 19) without prejudice.

**II.     Report**

### A.     Procedural History

Plaintiffs James and Pennie Keary filed their initial complaint in *Keary I* against Defendant U.S. Bank alleging breach of contract, fraud, and statutory violations related to a mortgage dispute regarding the Kearys' residential property located at 58402 Meadow Place, Washington, Michigan. *Keary I*, docket no. 1.  On January 6, 2012, U.S. Bank filed a Motion for Summary Judgment. *Keary I*, docket no. 9.  The Kearys were represented by attorney Douglas McKinney, but they never responded to U.S. Bank's Motion, so the Court issued an Order to Show Cause. *Keary I*, docket no. 13.  The Kearys failed to respond to the Order, and on March 13, 2012, the Court dismissed their Complaint, with prejudice, for failure to prosecute. *Keary I*, docket no. 16.

On December 6, 2012, Plaintiffs filed their *pro se* Complaint in this matter, *Keary II*, raising (what appears to be) the same claims as those raised in *Keary I*.  Plaintiffs were joined in their instant Complaint by Dwight Bennett, whom Plaintiffs indicate has been assigned 50% of their claims.  (Docket no. 1.)  Additionally, Plaintiffs added First Mountain Properties, LLC ("First Mountain") as a defendant alleging that U.S. Bank has transferred its interest in the subject property to First Mountain.  (*Id.*)

Twelve days after Plaintiffs filed their Complaint, the Court *sua sponte* dismissed *Keary II* because (1) Plaintiffs' claims against U.S. Bank were barred by *res judicata*, and (2) Plaintiffs failed to state a claim against First Mountain. (Docket no. 3.)  On January 7, 2013, Plaintiff filed nine documents with the Court, including one of the instant Rule 60 Motions.  (Docket no. 7.)  Plaintiff filed his Amended Rule 60 Motion on March 26, 2013.  (Docket no. 19.)

### B. Plaintiffs' Rule 60 Motions

While extremely convoluted, Plaintiffs' Motions under Rule 60 appear to assert that Plaintiff's attorney in *Keary I*, Douglas McKinney, was at fault for Plaintiffs' failure to respond to U.S. Bank's Motion for Summary Judgment and the Court's Order to Show Cause. (*See, generally*, docket no. 19.) Plaintiffs assert that McKinney never informed them that there were motions or orders pending and that he did not even inform them that the case had been dismissed. (*Id.*) Plaintiffs further assert that they "made several attempts to contact Mr. McKinney [and that he] failed to return [their] calls." (*Id.* at 9.) Plaintiffs, therefore, ask the Court for "Relief from the Judgment [in *Keary I*] to proceed in [*Keary II*]. (*Id.* at 8.)

### C. Analysis

Rule 60(b) of the Federal Rules of Civil Procedure allows the court, upon motion, to relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect," or for "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(1), (6). A court may grant relief under Rule 60(b) "(1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir.2002) (citation omitted). Relief under Rule 60(b)(6) "for any other reason that justifies relief" is warranted in exceptional or extraordinary circumstances. *McCurry ex. rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 596 (6th Cir.2002) .

The Supreme Court has expressly rejected the argument that a party should not be penalized for an attorney's neglect. *See United States v. Reyes*, 307 F.3d at 456 (citing *Allen v. Murph*, 194 F.3d 722, 724 (6th Cir.1999) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507

3

U.S. 380, 396-97 (1993) ) ("The Supreme Court has expressly rejected a suggestion previously made by this court that 'it would be inappropriate to penalize [the clients] for the omissions of their attorney.'"). Instead, the accepted rule in this circuit is that the performance of a client's attorney must be taken into account when deciding a motion under Rule 60(b) and "clients must 'be held accountable for the acts and omissions of their chosen counsel.'" *Id* . (citing *Allen v. Murph*, 194 F.3d at 724 ). Nevertheless, in a case similar to the one at hand, the Sixth Circuit found that the provisions of Rule 60(b)(6) may warrant the granting of such a motion "in the interest of justice." *Fuller v. Quire*, 916 F.2d 358 (6th Cir. 1990) (holding that the district court did not abuse its discretion in granting a motion under Rule 60(b)(6) where plaintiff's counsel: (i) unbeknownst to plaintiff, failed to appear at a hearing, causing the district court to dismiss the matter for want of prosecution; and (ii) failed to return phone calls and letters from plaintiff regarding the progress of the case).

Here, Plaintiff alleges many of the same facts as the plaintiff alleged in *Fuller*. Nevertheless, as the Court noted when this matter was referred to the undersigned, "the record is undeveloped with regard to the nature and extent of counsel's purported neglect." (Docket no. 17 at 3.) Thus, the Court recommended that the undersigned hold an evidentiary hearing or otherwise develop the record. (*Id.*)

The undersigned notes that this matter is wrought with procedural abnormalities. For example, Plaintiffs have filed their instant Motions in *Keary II* for relief from an order in *Keary I*. Thus, granting such a motion would be procedurally improper. Nevertheless, Plaintiffs ask that the Court grant his motion and allow him to proceed in *Keary II*. And because *pro se* filings are to be liberally construed, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), Plaintiffs' Motion could be read to request relief from the Court's dismissal of *this* action (docket no. 3), which was merely *based* on its dismissal of *Keary I*.

4

Because of these procedural abnormalities and because Plaintiffs are not represented by counsel, the Court is concerned that any evidentiary hearing on this matter would be laced with futility. With no opposing party, Plaintiffs will be asked to provide the Court with information to support their argument, but they will likely not know what type of information they are expected to produce or how to produce it. Thus, Plaintiffs would expect the Court to subpoena documents and witnesses on their behalf. This would, in effect, put the Court in the position of advocating for Plaintiffs. Moreover, holding such a hearing would not eliminate the noted procedural impropriety.

Therefore, the undersigned recommends that the Court order Plaintiffs to retain counsel in this matter to assist them in untangling this procedural quagmire.[2] Additionally, Plaintiffs instant Motions should be dismissed without prejudice so that their counsel can re-file the motions in the appropriate matter(s) and request the appropriate relief.

### D.   Conclusion

For the above-stated reasons, the undersigned recommends ordering Plaintiff to retain counsel within 30 days and denying Plaintiffs' Motions (docket nos. 7 and 19) without prejudice.

## III.   Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th

---

[2]If Plaintiffs cannot afford counsel, they may request that counsel be appointed through the proper filings.

Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: May 13, 2013
                s/ Mona K. Majzoub
                MONA K. MAJZOUB
                UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiffs and Counsel of Record on this date.

Dated: May 13, 2013
                s/ Lisa C. Bartlett
                Case Manager