UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ROBERT KEARY, et al.,

       Plaintiffs,                           Civil Case Nos.
                                                  12-CV-15359

vs.

                                                  HON. MARK A. GOLDSMITH

U.S. BANK NATIONAL
ASSOCIATION ND, et al.,

       Defendants.
_____/

**ORDER REJECTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED MAY 13, 2013 AND RETURNING THE MATTER TO THE MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS**

       On January 22, 2013, the Court issued an order referring the presently pending motion under Federal Rule of Civil Procedure 60(b) to Magistrate Judge Mona K. Majzoub with the following instructions:

> The Court refers this matter to the Magistrate Judge to determine whether the purported neglect of Plaintiffs' counsel in Keary I justifies relief under Rule 60(b). Because the record is undeveloped with regard to the nature and extent of counsel's purported neglect, an evidentiary hearing may be helpful; however, the Magistrate Judge may develop the record in any manner deemed appropriate.

Referral Order at 3 (Dkt. 17). The relevant procedural background, along with the Court's reasons for referring this matter to the Magistrate Judge, are explained in the Court's January 22, 2013 referral order.

       On May 13, 2013, the Magistrate Judge issued a Report & Recommendation (R&R), concluding that there are "procedural abnormalities" in this case that would make any evidentiary hearing "futil[e]," and recommending that the Kearys be ordered to obtain counsel so that the Rule 60(b) motion can be filed "in an appropriate manner":

1

> Because of these procedural abnormalities and because Plaintiffs are not represented by counsel, the Court is concerned that any evidentiary hearing on this matter would be laced with futility. With no opposing party, Plaintiffs will be asked to provide the Court with information to support their argument, but they will likely not know what type of information they are expected to produce or how to produce it. Thus, Plaintiffs would expect the Court to subpoena documents and witnesses on their behalf. This would, in effect, put the Court in the position of advocating for Plaintiffs. Moreover, holding such a hearing would not eliminate the noted procedural impropriety.
>
> Therefore, the undersigned recommends that the Court order Plaintiffs to retain counsel in this matter to assist them in untangling this procedural quagmire. Additionally, Plaintiffs [sic] instant Motions should be dismissed without prejudice so that their counsel can re-file the motions in the appropriate matter(s) and request the appropriate relief.

R&R at 5 (Dkt. 22) (footnote omitted).

The Court declines to accept the Magistrate Judge's recommendation. While the Court understands the challenges that pro se litigants present in terms of properly analyzing legal issues and clearly explaining their positions, requiring unrepresented parties to obtain counsel is not an appropriate or authorized way to address those challenges. And while pro se litigants may generally have difficulty presenting their cases, the law ultimately places the burden on the litigant, whether represented or not represented, to establish his or her case. This means that any deficit in presenting a case must ultimately be the responsibility of the litigant – not the court's.

Accordingly, the Court returns the matter to the Magistrate Judge for the purpose of developing the facts relevant to whether the purported neglect of Plaintiffs' counsel in <u>Keary I</u> justifies relief under Rule 60(b). As mentioned, the Court believes that an evidentiary hearing would be helpful. But the Court will leave it to the Magistrate Judge's sound exercise of discretion to accept a reasonable alternative, such as affidavits or other proper documentary evidence. After developing the facts on the issue of attorney neglect, the Magistrate Judge should issue an R&R

addressing whether the Kearys are entitled to relief from the judgment entered in Keary I pursuant to Rule 60(b).[1]

SO ORDERED.

Dated: May 30, 2013      s/Mark A. Goldsmith
Flint, Michigan      MARK A. GOLDSMITH
    United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 30, 2013.

    s/Deborah J. Goltz
    DEBORAH J. GOLTZ
    Case Manager

---

[1] Because the present Rule 60(b) proceedings implicate the judgment that was entered in Keary I, this Court will serve a copy of this order upon the attorneys who entered appearances in that case. The Magistrate Judge should allow counsel in Keary I an opportunity to be heard regarding the present Rule 60(b) proceedings prior to issuing her R&R.